**Tamba DRAMMEH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–4883–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

---

1. Pursuant to Federal Rule of Appellate Pro-    cedure 43(c)(2), Attorney General Alberto R.

Tamba Drammeh, pro se, Bronx, New York, for Petitioner.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the

## SUMMARY ORDER

Tamba Drammeh, through counsel, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations state that individuals may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Drammeh filed two motions to reopen with the BIA. The regulations provide for three exceptions to the numerical limitations, including: 1) certain motions filed from in absentia orders, 2) motions filed pursuant to "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," or 3) jointly filed motions. 8 C.F.R. § 1003.2(c)(3). Only the second exception is relevant here, and the BIA did not abuse its discretion when it determined that it did not apply.

In order to succeed under the changed circumstances exception, Drammeh would

respondent in this case.

have to prove that the country conditions in Gambia had deteriorated since the BIA issued his final order of removal. Drammeh asserts only that his personal circumstances, regarding his eligibility for cancellation of removal and the birth of his daughter, had changed. However, this Court has already held that a change in an individual's personal circumstances does not qualify under the second exception; an individual must demonstrate that the country conditions have changed in order for the second exception to apply. *See, e.g., Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). As a result, the BIA did not abuse its discretion in determining that Drammeh's motion was numerically barred.

Accordingly, the petition for review is DENIED.